**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTONIO CRAWFORD,** | : | **CIVIL NO. 1:14-CV-1682** |
| | : | |
| **Plaintiff** | : | **(Judge Caldwell)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **LT. WHILE, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**REPORT AND RECOMMENDATION**

I.    **Statement of Facts and of the Case**

This matter comes before the Court for consideration of a motion for preliminary injunctive relief filed by the plaintiff, a federal inmate housed in the Special Management Unit (SMU) of the United States Penitentiary, Lewisburg. (Doc. 2.)  In this motion, which Crawford has filed at the inception of this litigation, Crawford alleges that he was assaulted by staff more than two years ago, in January 2012.  Crawford then seeks extraordinary relief at the outset of this lawsuit, in the form of an order altering the conditions of his confinement, or mandating his transfer to another prison.

While we are, by separate order, directing service of this complaint upon the defendants, for the reasons set forth below, it is recommended that this motion for preliminary injunction be denied.

## II.   Discussion

### A.   Preliminary Injunction Rule 65– The Legal Standard

This Court has a statutory obligation to conduct a preliminary review of *pro se* pleadings from prisoners which seek redress against government officials. Specifically, we are obliged to review these pleadings pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a  prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be  granted . . . .

We also have an obligation to carefully screen inmate *pro se* pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of preliminary injunctions.  Such requests for immediate injunctive relief are governed

by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards.

Inmate *pro se* pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained:  "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)).  See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006)(denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right.  Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials).  It is an extraordinary remedy.  Given the extraordinary nature of this form of relief, a motion

for preliminary injunction places precise burdens on the moving party.  As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.' " Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F .2d 86, 91 (3d Cir.1992)).  Thus, when considering such requests, courts are cautioned that:

> "[A] preliminary injunction is an extraordinary and drastic remedy, one
> that should not be granted unless the movant, by a clear showing, carries
> the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972
> (1997) (emphasis deleted).  Furthermore, the Court must recognize that
> an "[i]njunction is an equitable remedy which should not be lightly
> indulged in, but used sparingly and only in a clear and plain case." Plain
> Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d
> 1220, 1230 (6th Cir.1975), cert. denied, 428 U.S. 909 (1977).  As a
> corollary to the principle that preliminary injunctions should issue only
> in a clear and plain case, the Court of Appeals for the Third Circuit has
> observed that "upon an application for a preliminary injunction to doubt
> is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924,
> 927 (3d Cir.1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Fed.R.Civ.P. 65, the plaintiff must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted.  Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443.  If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of

irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.

1989)(emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

These limitations on the power of courts to enter injunctions in a correctional

context are further underscored by statute. Specifically, 18 U.S.C. §3626 limits the

authority of courts to enjoin the exercise of discretion by prison officials, and provides

that:

> Prospective relief in any civil action with respect to prison conditions
> shall extend no further than necessary to correct the violation of the
> Federal right of a particular plaintiff or plaintiffs. The court shall not
> grant or approve any prospective relief unless the court finds that such
> relief is narrowly drawn, extends no further than necessary to correct the
> violation of the Federal right, and is the least intrusive means necessary
> to correct the violation of the Federal right. The court shall give
> substantial weight to any adverse impact on public safety or the operation
> of a criminal justice system caused by the relief.
>
> 18 U.S.C.A. § 3626(a)(1)(A).

With respect to preliminary injunctions sought by inmates, courts are also

instructed that:

> Preliminary injunctive relief must be narrowly drawn, extend no further
> than necessary to correct the harm the court finds requires preliminary
> relief, and be the least intrusive means necessary to correct that harm.
> The court shall give substantial weight to any adverse impact on public
> safety or the operation of a criminal justice system caused by the
> preliminary relief and shall respect the principles of comity . . . in
> tailoring any preliminary relief.
>
> 18 U.S.C.A. § 3626(a)(2).

Furthermore, several other basic legal tenets guide our discretion in this particular case, where an inmate: (1) seeks to enjoin a wide array of non-parties; and (3) requests relief which goes beyond merely preserving the *status quo* in this litigation, but seeks to impose new, mandatory conditions on prison officials. Each of these aspects of Crawford's prayer for injunctive relief presents separate problems and concerns.

For example, an injunction against non-parties, like the injunction sought here, requires a specific legal showing. To the extent that Crawford seeks to enjoin non-parties in this litigation it is clear that: "[a] non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought. Fed.R.Civ.P. 65(d)." Elliott v. Kiesewetter, 98 F.3d 47, 56 (3d Cir. 1996).

Further, where the requested preliminary injunction "is directed not merely at preserving the *status quo* but...at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980). Mandatory injunctions should be used sparingly. United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982). Thus, a request for some form of mandatory proactive injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518 (3d Cir. 1995).

Moreover, to the extent that the plaintiff seeks a preliminary injunction with some enduring effect, he must show that he will be irreparably injured by the denial of this extraordinary relief.  With respect to this benchmark standard for a preliminary injunction, in this context it is clear that:

> Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.1989) ("The preliminary injunction must be the only way of protecting the plaintiff from harm").  Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848, 110 S.Ct. 144, 107 L.Ed.2d 102 (1989).  In fact, the Plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.1987).  The case law provides some assistance in determining that injury which is irreparable under this standard.  "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted).  Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa.1995).  An injunction is not issued "simply to eliminate the possibility of a remote future injury ..." Acierno, 40 F.3d at 655 (citation omitted).

Messner, 2009 WL 1406986, at *4 .

Furthermore, it is well-settled that "[t]he purpose of a preliminary injunction is to preserve the *status quo*, not to decide the issues on their merits." Anderson v. Davila, 125 F.3d 148, 156 (3d Cir. 1997).  Therefore, in a case such as this, where the inmate-"plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in [the] . . .

Complaint, . . . [the] plaintiff cannot demonstrate that [s]he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court, upon consideration of defendants' motion to dismiss, or at trial.  As a result, plaintiff's motion for preliminary injunction should be denied." <u>Messner</u>, 2009 WL 1406986, at *5.

In assessing a motion for preliminary injunction, the court must also consider the possible harm to other interested parties if the relief is granted.  <u>Kershner</u>, 670 F.2d at 443.  Finally, a party who seeks an injunction must show that the issuance of the injunctive relief would not be adverse to the public interest.  <u>Emile</u>, 2006 WL 2773261, at * 6 (<u>citing Dominion Video Satellite, Inc. v. Echostar Corp</u>., 269 F.3d 1149, 1154 (10th Cir. 2001)).

### B.  Crawford's Requests For Injunctive Relief Should Be Denied

Judged against these exacting standards, in its current form, this motion for injunctive relief fails.  At the outset, we note that in the past inmates have frequently sought preliminary injunctive relief similar to that demanded by Crawford here, compelling prison officials to provide them with specific accommodations and services during the pendency of a lawsuit.  Yet, such requests, while often made, are rarely embraced by the courts.  Instead, courts have routinely held that prisoner-plaintiffs are not entitled to use a motion for injunctive relief as a vehicle to compel

prison officials to provide them with specific relief and services pending completion of their lawsuits. Thus, courts have rejected inmate requests for injunctions mandating specific treatment and conditions of confinement for prisoners. See, e.g., Messner v. Bunner, No. 07-112E, 2009 WL 1406986 (W.D.Pa. May 19, 2009)(denying inmate preliminary injunction); Brown v. Sobina, No. 08-128E, 2008 WL 4500482 (W.D.Pa. Oct. 7, 2008)(denying inmate preliminary injunction); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D.Pa. Sept. 24, 2006) (denying inmate preliminary injunction).

In particular, Crawford cannot show an entitlement to any equitable relief compelling prison officials to give him favorable treatment within the Lewisburg Penitentiary Special Management Unit. Courts have repeatedly held that prisoners at this facility are not entitled as a matter of right to enjoin the general housing conditions in that facility. Indeed, similar assertions have been flatly rejected by this Court. In Harrison v. Bledsoe, No. 09-1600, 2010 WL 186804 (M.D. Pa. Jan. 13, 2010), this Court was presented with a claim by a Lewisburg SMU inmate that conditions at the SMU amounted to cruel and unusual punishment in violation of the Eighth Amendment. In terms that are equally applicable here, the Court rejected that claim holding instead that:

> Eighth Amendment claims must satisfy both an objective component (the deprivation must be sufficiently serious) and a subjective component (the defendant must have been deliberately indifferent). Young v. Quinlan,

960 F.2d 351, 359-60 (3d Cir.1992).  As to the objective component, the Eighth Amendment is violated only when an inmate is deprived of "the minimal civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. 337, 347(1981).  As to the subjective component, the question is whether the prison official acted with deliberate indifference to the inmate's health or safety.  Hudson v. McMillian, 503 U.S. 1, 8,(1992).  "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Double celling inmates is not *per se* unconstitutional. Rhodes, supra, 452 U.S. at 352.  Doubling celling may, however, amount to cruel and unusual punishment if combined with other adverse conditions.   Nami v. Fauver, 82 F.3d 63, 67 (3d Cir.1996). Considerations that are relevant in determining if double celling violates the Eighth Amendment "include the length of confinement, the amount of time prisoners must spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside the cells, and the repair and functioning of basic physical facilities such a plumbing, ventilation, and showers."  Id.  The plaintiff alleges that he has been in the SMU since June of 2008, that he is double celled for twenty-three hours a day and that such double celling leads to tension and stress.  The plaintiff, however, has not alleged the size of his cell in the SMU, and, apart from alleging that the temperature in the cells is higher than outside temperatures, he has not alleged the physical condition of his cell in the SMU.  The plaintiff alleges generally that the inmates in the SMU are violent and that double celling leads to tension.  However, he has not alleged that he suffered a substantial injury from another inmate or facts from which it can reasonably be inferred that he is in imminent danger of substantial injury as a result of being double celled.  The plaintiff's allegations regarding the conditions of the SMU, even when combined with the other alleged restrictions imposed on inmates in the SMU, do not raise a plausible inference that the plaintiff was denied the minimal civilized measure of life's necessities or that the defendants acted with deliberate indifference to his health or safety.  Accordingly, the amended complaint fails to state an Eighth Amendment claim upon which relief may be granted.

Harrison v. Bledsoe , No. 09-1600, 2010 WL 186804, *5-6 (M.D.Pa. Jan 13, 2010).

Similarly, in Mitchell v. Dodrill, 696 F. Supp. 2d. 454 (M.D. Pa. 2010) this

Court expressly rejected a claim by a Lewisburg SMU inmate that double-celling

prisoners in this facility violated the Eighth Amendment, stating that:

> It is well-settled that double celling inmates is not *per se*
> unconstitutional. Rhodes, 452 U.S. at 348. See also Harrison v. Bledsoe,
> Civ. No. 1:09-cv-01600, 2010 WL 186804, at *6 (M.D.Pa. Jan. 13, 2010)
> (finding no Eighth Amendment claim where the plaintiff alleges he is
> double-celled for twenty-three hours a day in SMU and that such double-
> celling leads to tension and stress); Henry v. Wilson, Civ. No. 2:05-cv-
> 648, 2007 WL 2746717, at *5 (W.D.Pa. Sept. 17, 2007) (denying Eighth
> Amendment claim where the plaintiff fails to produce any evidence that
> his conditions in a double cell deprived him of any basic human need).
> Double celling may, however, amount to cruel and unusual punishment
> if combined with other adverse conditions. Nami v. Fauver, 82 F.3d 63,
> 67 (3d Cir.1996).   Considerations that are relevant in determining if
> double celling violates the Eighth Amendment "include the length of
> confinement, the amount of time prisoners spend in their cells each day,
> sanitation, lighting, bedding, ventilation, noise, education and
> rehabilitation programs, opportunities for activities outside the cells, and
> the repair and functioning of basic physical facilities such as plumbing,
> ventilation, and showers." Id.   Here, [plaintiff] alleges that he has been
> forced to live in a cell that is too small for two inmates.   However, he
> does not allege that he was singled out for the double-celling or that his
> health or life is or was endangered by the condition.   Further, he has not
> shown that he suffered a substantial injury from another inmate or facts
> from which it can be reasonably inferred that he is in imminent danger of
> substantial injury as a result of being double celled.   Since the court has
> already determined that the other conditions complained of do not
> deprive [plaintiff] of "the minimal civilized measure of life's necessities,"
> Griffin v. Vaughn, 112 F.3d at 709, nor indicate that prison officials
> "knew of and disregarded an excessive risk to [Mitchell's] health or
> safety," Farmer, 511 U.S. at 837, [plaintiff's] disappointment here with

> the double-celling practice in the SMU does not amount to cruel and
> unusual punishment.

Mitchell v. Dodrill, 696 F.Supp.2d 454, 468-469 (M.D.Pa. 2010).  See also, Hunter v. Bledsoe, No. 10-927, 2010 WL 3154963 (M.D. Pa. Aug. 9, 2010)(held SMU inmate has no constitutional right to single-cell status).   Thus, Crawford's requests for injunctive relief enjoining the overall living conditions at this facility fail because he cannot meet the first requirement for such relief; he cannot "actually succeed[] on the merits of [his Eighth Amendment] claim."  Chao v. Rothermel, 327 F.3d 223, 228 (3d Cir. 2003)(citation omitted.)

Furthermore, to the extent that Crawford appears to request an order directing that he be transferred to some other prison,  it is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification.  Moody v. Daggett, 429 U.S. 78, 88 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976).  Thus, inmates do not have a liberty interest in retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed ... and is not otherwise violative of the Constitution."  Id.  Similarly, it has long been recognized that prison transfer decisions, standing alone, do not constitute cruel and unusual punishment in violation of the Eighth Amendment to the Constitution.  See, e.g., Hassain v. Johnson, 790 F.2d 1420 (9th Cir. 1986); Serrano v. Torres, 764 F.2d

47 (1st Cir. 1985).  Even inmate transfers to facilities far from their homes do not rise to the level of cruel and unusual punishment.  See, e.g., Gov't of Virgin Island v. Gereau, 592 F.2d 192 (3d Cir. 1979)(transfer from Virgin Islands to mainland); Rodriguez-Sandoval v. United States, 409 F.2d 529 (1st Cir. 1969)(transfer from Puerto Rico to Atlanta).  In sum, well-settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment.  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215 225 (1976); Montanye, 427 U.S. at 242; Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5thCir. 1995); Marchesani v. McCune, 531 F.2d 459 (10th Cir.), cert.denied, 429 U.S. 846 (1976).  Simply put, as a legal matter the plaintiff has no constitutional right to choose his prison. Therefore, he may not use a motion for preliminary injunction as a vehicle to choose his place of confinement, or direct a prison transfer, at the outset of this litigation.

This motion is inappropriate since the injunction seems to seek:

> [R]elief that is not requested or at all related to the remaining claims [in this case].  This is not permissible. See, e.g., Devised v. Herrington, 42 F.3d 470, 471 (8th Cir.1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); Spencer v. Stapler, Civ. No. 04–1532, 2006 WL 2052704, *9 (D.Ariz. July 21, 2006) ("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the

Defendants. Plaintiff's request will therefore be denied."); Westbank Yellow Pages v. BRI, Inc., Civ. No. 96–1128, 1996 WL 255912, * 1, (E.D.La. May 13, 1996) ("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action."); Williams v. Platt, 2006 WL 149024, *2 (W.D.Okla. Jan.18, 2006) ("The complaint addresses two matters at the Logan County Jail: (1) the denial of medical treatment between March and June 2001; and (2) the promotion of an inmate assault on November 8, 2001. In his requests for injunctive relief, the plaintiff addresses matters at a separate facility, involving harassment, conspiracy, denial of a bottom bunk, and confiscation of legal materials. A preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint.") (footnotes omitted)."

Banks v. Good, CA 06-253, 2011 WL 2437061 (W.D. Pa. Apr. 20, 2011) report and recommendation adopted, CA 06-253, 2011 WL 2418699 (W.D. Pa. June 14, 2011).

In addition, in this motion Crawford seeks to enjoin numerous individuals who are not parties to the instant lawsuit. This effort, in turn, runs afoul of the:

"[G]eneral rule that a court may not enter an injunction against a person who has not been made a party to the case before it." Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (Fed.Cir.1996) (citing Scott v. Donald, 165 U.S. 107, 117, 17 S.Ct. 262, 41 L.Ed. 648 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit.")). Indeed, courts have refused to issue injunctions against non-parties. See U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors, LLC, 523 F.Supp.2d 328, 334–35 (S.D.N.Y.2007) (the court denied the defendant's motion for a preliminary injunction against the Federal Energy Regulatory Commission because it was not a party to the suit and it was not an "officer, agent, servant, employee, or attorney" of any party); Williams v. Platt, Civ. No. 03–281–C, 2006 WL 149024 at *2 (W.D.Okla. Jan.18, 2006) (unpublished) (the court denied the plaintiff's motion for an injunction noting that he had "not established a relationship between the preliminary injunction and the underlying civil rights claim, and he seeks to bind non-parties without any suggestion of active concert or

participation by the named defendants"). Moreover, once a court has issued an injunction against a party, that injunction may only be enforced against non-parties that are officers, agents, servants, employees, or attorneys of a party, or ones that are in active concert or participation with such non-parties or the party itself. Fed.R.Civ.P. 65(d)(2). To be bound by an injunction, a "non-party must have constructively had his day in court." Harris County, Tex. v. CarMax Auto Superstores Inc., 177 F.3d 306, 314 (5th Cir.1999) ("the relevant inquiry is ... whether [the non-party] had such a key role in the corporation's participation in the injunction proceedings that it can be fairly said that he has had his day in court in relation to the validity of the injunction.") (citation omitted) (emphasis in original).

Banks v. Good, CA 06-253, 2011 WL 2437061 (W.D. Pa. Apr. 20, 2011) report and recommendation adopted, CA 06-253, 2011 WL 2418699 (W.D. Pa. June 14, 2011).

In addition, while we do not in any way diminish Crawford's complaints, we find that this inmate has not shown an immediate irreparable harm justifying a preliminary injunction. See e.g., Rivera v. Pennsylvania Dep't. Of Corrections, 346 F. App'x 749 (3d Cir. 2009)(denying inmate request for injunction); Rush v. Correctional Medical Services, Inc., 287 F. App'x 142 (3d Cir. 2008)(same). In this regard, when considering this benchmark standard for a preliminary injunction, it is clear that: "Irreparable injury is established by showing that plaintiff will suffer harm that 'cannot be redressed by a legal or an equitable remedy following trial.' Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir.1989) ('The preliminary injunction must be the only way of protecting the plaintiff from harm')." Messner, 2009 WL 1406986, at *4. In this context, the word irreparable has a specific meaning and connotes "that which cannot be repaired, retrieved, put down again, [or]

atoned for ...." <u>Acierno v. New Castle County</u>, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted).   Thus, an injunction will not issue "simply to eliminate the possibility of a remote future injury ..." <u>Acierno</u>, 40 F.3d at 655 (citation omitted). Therefore, where an inmate-plaintiff is alleging that damages may be an adequate remedy, a preliminary injunction is often not appropriate since the inmate has not shown that he faces immediate, irreparable harm.  <u>Rivera v. Pennsylvania Dep't. Of Corrections</u>, 346 F.App'x 749 (3d Cir. 2009); <u>Rush v. Correctional Medical Services, Inc</u>., 287 F.App'x 142 (3d Cir. 2008).  Given Crawford's allegation in his motion that he suffered his injuries in January 2012, more than two years ago, we cannot find that the plaintiff has shown that he faces *immediate irreparable* harm.  Rather, the harm he describes occurred years prior to this filing and may be compensated through damages.

Finally, we also note that granting this injunctive relief, which would effectively have the federal courts making *ad hoc*, and individual, decisions concerning the treatment of a single prisoner, could harm both the defendants' and the public's interest.  In this prison context, the Defendants' interests  and the public's interest in penological order could be adversely effected if the Court began dictating the treatment for the plaintiff, one inmate out of thousands in the state prison system. Therefore, consideration of "whether granting preliminary relief will result in even greater harm to the nonmoving party; and . . . whether granting the preliminary relief

will be in the public interest," <u>Gerardi v. Pelullo</u>, 16 F.3d 1363, 1373 (3d Cir. 1994), also weighs heavily against Crawford in this case.

In sum, in this case Crawford has not demonstrated a likelihood of success on the merits, and has not shown that he suffers an irreparable harm. Moreover, this motion is procedurally flawed, and granting this extraordinary relief could harm the public's interest and the interests of the opposing parties. Therefore, an assessment of the factors which govern issuance of such relief under Rule 65 of the Federal Rules of Civil Procedure weighs against Crawford and compels us to recommend that the court deny this motion.

## III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for a temporary restraining order pursuant to FRCP 65(b) (Doc. 2.) be denied.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of August, 2014.

<u>***S/Martin C. Carlson***</u>
Martin C. Carlson
United States Magistrate Judge