UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTONIO CRAWFORD,** | : | Civil No. 1:14-CV-1682 |
| | : | |
| **Plaintiff** | : | **(Judge Caldwell)** |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **LT. WHILE, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

This is a *pro se* prisoner lawsuit which has been filed recently but has not yet been served upon the defendants. The plaintiff has now filed a motion to dismiss two defendants named in his complaint, Defendants Stage and Mink. (Doc. 14.)   For the reasons set forth below, we believe that the plaintiff is entitled to request that these defendants be dismissed. Therefore, it is recommended that these defendants be dismissed from this action.

### II.   Discussion

Rule 41(a)(1)(A)(I) of the Federal Rules of Civil Procedure provides as follows

**(a) Voluntary Dismissal.**

**(1)** *By the Plaintiff.*

1

> **(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> **(I)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.
>
> . . . .
>
> **(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

F.R.Civ. P., Rule 41(a)(1).

In this case it appears that no answer or summary judgment motion has been filed. Therefore, Crawford should be permitted under Rule 41 to dismiss Defendants Stage and Mink from this case.

### III.  Recommendation

For the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion to dismiss Defendants Stage and Mink, (Doc. 14), be GRANTED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file

with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 30th day of September, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
