UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO CRAWFORD, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 1:14-CV-1682 |
| | : | |
| LT. WHITE, *et al.*, | : | |
| Defendants. | : | |

*M E M O R A N D U M*

*I.        Introduction*

          We are considering pro se Plaintiff Antonio Crawford's objections to the

Report and Recommendation of Chief Magistrate Judge Carlson (Doc. 48), which

recommends that we grant Defendants' motion (Doc. 18) to dismiss, or in the alternative,

for summary judgment, and deny Plaintiff's motion (Doc. 44) for release from the Special

Management Unit ("SMU").  Since objections were filed, we must "make a *de novo*

determination of those portions of the report or specified proposed finding or

recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  For the

following reasons, we agree with the findings of the magistrate, and will adopt the report

in its entirety.

*II.       Background*

          The magistrate judge's report outlines the facts of this case, so we will not

repeat them here.

*III.*          *Discussion*

   *A.  Supervisory Liability Claims*

   Although Plaintiff's objections are difficult to follow, he appears to generally object to the magistrate judge's findings that his supervisory liability claims against Warden Thomas, Assistant Warden Frederick, and Lieutenant White fail.  (Doc. 49 at 2). Plaintiff offers no new arguments to support his objection.  He reiterates that these defendants must be liable because they were the supervising officers at the time of the alleged violations, and they failed to investigate purported wrongdoings by prison guards after-the-fact.  Both of these theories must fail.  As the magistrate judge clearly explained in his report, "[c]onstitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice."  (Doc. 48 at 13 (citing Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997))).  We agree with the findings of the magistrate judge, and will overrule Plaintiff's objections on this point.

   *B.  Eighth Amendment Claims*

   Plaintiff also generally objects to the magistrate judge's recommendation that Defendants are entitled to summary judgment on the Eighth Amendment claims. Plaintiff does not refute the magistrate judge's findings, but rather conclusively states that prison officials used excessive force, and that his rights were violated.  Plaintiff also

claims that the magistrate judge did not properly review all of the evidence.  We

disagree.  The magistrate judge discussed and reviewed the evidence at length, and

determined that no dispute of fact exists concerning Plaintiff's claims.  Plaintiff's

excessive force claim fails because this claim requires showing that the prison official

acted with "wantonness," and, as the magistrate judge observed, "nothing in the efforts of

staff to prevent Crawford from killing himself can in any way 'support a reliable inference

of wantonness . . . .'" (Doc. 48 at 27 (quoting Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir.

2000))).  Plaintiff suffered only a mild abrasion during the encounter, which the

magistrate judge aptly described as "superficial, modest and commensurate with those

suffered by staff who were trying to rescue him."  (Doc. 48 at 27).  Similarly, the

deliberate indifference claim fails because Plaintiff was restrained for a reasonable

amount of time, and Plaintiff was shown a high degree of care and attention while he was

in the restraints.  Plaintiff vaguely asserts that he was "place[d] in restraints for a[n] act

[he] didn't do . . ." and that officials "[were] motivated with the desire to inflict

unnecessary and wanton pain."  (Doc. 49 at 8).  These statements are conclusory and

provide little in the way of refuting the magistrate's judge's findings.  We agree with the

magistrate judge that the record does not support Plaintiff's claims, and will overrule his

objections.

### C.  Prison Transfer Request

Last, Plaintiff objects to the magistrate judge's finding that he failed to

exhaust his administrative remedies with regard to his request for a transfer from the

SMU.  Plaintiff claims he filed a grievance regarding conditions in the SMU on July 4,

2014, but has provided no evidence, and no additional details to support his claim.

Plaintiff's bald assertion that he filed a grievance is insufficient to contradict the

magistrate judge's findings.  This objection will be overruled.

> IV.    Conclusion

For the reasons stated above, we will adopt the magistrate judge's report in

its entirety.  An appropriate order follows.


/s/William W. Caldwell
William W. Caldwell
United States District Judge